**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SOUTHWEST MULTI-CRAFT HEALTH & WELFARE
TRUST FUND,

        Plaintiff,

        vs.                                                                                                 No. CV 10-613 WJ/KBM

JT THORPE & SON INC.

        Defendant.

**MEMORANDUM OPINION AND ORDER ENTERING DEFAULT JUDGMENT**

THIS MATTER comes before the Court upon Plaintiff's Motion for Default Judgment, filed August 12, 2010 **(Doc. 10)**. For reasons given below, Plaintiff's motion will be granted as to liability only, and the Court will hold a hearing to determine an amount of damages.

Plaintiff Southwest Multi-Craft Health & Welfare Trust Fund, ("Multi-Craft Health & Welfare Trust Fund") is a collectively bargained multi-employer welfare benefit trust fund within the meaning of §3(1) of ERISA, 29 USC §1002(1). Defendant ("Thorpe") is a corporation organized under the laws of the state of California, and is authorized to do business in New Mexico and Arizona. The complaint alleges that Thorpe was bound to a written Collective Bargaining Agreement ("CBA") with certain unions covering all Refractory Work in the states of Arizona and New Mexico. Under the CBA, Thorpe was required to report and make monthly fringe benefit payments to the Multi-Craft Health & Welfare Trust Fund, which Thorpe has allegedly failed to do. According to the complaint, which was filed on June 28, 2010, Plaintiff seeks unpaid late fees, accrued interest on delinquent contributions, costs and

attorneys' fees under ERISA §§ 502 and 515.

Federal Rule of Civil Procedure 55 sets out a two-step process for a party seeking a default judgment. A party seeking such a judgment must first obtain the clerk's entry of default against the opposing party. Fed. R. Civ. Pro. 55(a). *See Garrett v. Seymour*, 217 Fed.Appx. 835, *2 (10th Cir. 2007) (stating that the clerk's entry of default is a prerequisite for obtaining a default judgment under Fed. R. Civ. Pro. 55(b)). The clerk will issue an entry of default when the moving party shows the Court through an affidavit or otherwise that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. Pro 55(a). Second, the party must move the Court to enter a default judgment. Fed. R. Civ. Pro. 55(b). The trial court is given broad discretion in deciding whether to enter a default judgment. *See Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).

## I.      Default Judgment

The Clerk entered default for Plaintiff on August 13, 2010 (Doc. 12).  Rule 55 allows the Court to enter default judgment against any Defendant if its finds that the defendant was properly served in accordance with the Federal Rules of Civil Procedure and subsequently failed to answer, defend, or otherwise appear in the case within the time provided in the Federal Rules of Civil Procedure.

Plaintiff states that service was effected on Defendant JT Thorpe & Son, Inc. by personal service on Defendant's registered agent in the state of New Mexico, which, according to the information on the Summons is Corporation Service Company, Registered Agent (Doc. 3).  The Proof of Service indicates that the summons was served on a "Juella Montano," who is authorized to accept service on behalf of Corporation Service Company.  Based on the information available on the Court's docket regarding this case, it appears that Defendant was

properly served and that Defendant has failed to appear or otherwise defend.  Accordingly, the Court will enter default judgment in favor of Plaintiff and against Defendant.

## II.     Damages

Plaintiff seeks what it describes as a "sum certain" in the amount of $2,717.15 in late fees under the CBA based on Thorpe's obligations under the CBA, including accrued interest and liquidated damages; $1,690.60 in attorneys' fees; costs amounting to $350.00; service fees of $65; and pre- and post-judgment interest as allowed by law.

A claim is not a "sum certain" under Rule 55 unless there is no doubt as to the amount that must be awarded.  *See Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 928-29 (9th Cir. 2004).  While liquidated damages may generally be considered within the "sum certain" category, accrued interest and attorney fees are not.  *See Combs v. Coal & Mineral Management Services, Inc.*, 105 F.R.D. 472, 475 (D.C.D.C.,1984) (noting that court's conclusion that "reasonable attorney's fees" are not a sum certain within the meaning of Rule 55(b)(1) is "amply supported by precedent").  Thus, a hearing is appropriate on the issue of damages.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment  **(Doc. 10)** is hereby GRANTED AS TO LIABILITY;

**IT IS FURTHER ORDERED** that a hearing on the issue of damages will be held before the Honorable William P. Johnson on **Thursday, October 7, 2010 at 1:30 p.m.** , at the U.S. District Courthouse, 333 Lomas Blvd. NW, Bonito Courtroom–5th Floor, Albuquerque, New Mexico.  Three **(3)** hours will be allotted for this hearing.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE